IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIAM JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-cv-779-NJR |
| | ) | |
| | ) | |
| ROB JEFFREYS, DAVID PFISTER, | ) | |
| AMY BURKE, MR. RUE, LT. HOUGH, | ) | |
| MARY WEAVER, MR. PIPER, LT. | ) | |
| OCHS, DEEDEE BROOKHART, | ) | |
| BENJAMIN LEWIS, SHANAE | ) | |
| MAYBERRY, A. PUCKETT, S. HANCE, | ) | |
| MS. CUNNINGHAM, JANE DOE | ) | |
| NURSE, JOHN DOE #'s 1-2 GALLERY | ) | |
| OFFICERS, JOHN/JANE DOE #'s 3-4 | ) | |
| PLACEMENT OFFICERS, | ) | |
| JANE DOE #5 NURSE, JOHN/JANE | ) | |
| DOE #'s 6-9 SHIFT SUPERVISORS | ) | |
| AND MAJORS, JOHN/JANE DOE #'s | ) | |
| 10-13 REVIEWING MAJORS, | ) | |
| JOHN/JANE DOE #'s 14-17 | ) | |
| SERGEANTS, JOHN/JANE DOE #'s 18- | ) | |
| 20 LIEUTENANTS, JOHN/JANE DOE | ) | |
| #21 HEARING INVESTIGATOR, | ) | |
| JOHN/JANE DOE #'s 22-24 | ) | |
| CORRECTIONAL OFFICERS, FRANK | ) | |
| LAWRENCE, JOSHUA SHOENBECK, | ) | |
| JOHN/JANE DOE #'s 25-26 | ) | |
| PLACEMENT OFFICERS, JOHN/JANE | ) | |
| DOE #'s 27-29 REVIEWING MAJORS, | ) | |
| JOHN/JANE DOE #'s 30-32 | ) | |
| LIEUTENANTS, JOHN/JANE DOE #'s | ) | |
| 33-35 SERGEANTS, JOHN/JANE DOE | ) | |
| #'s 36-38 CORRECTIONAL OFFICERS, | ) | |
| UNIDENTIFIED JOHN/JANE DOE | ) | |
| CORRECTIONAL OFFCIERS, JANE | ) | |
| DOE #39 INTERNAL AFFAIRS | ) | |
| OFFICERS, JOHN DOE #40 | ) | |
| INTERNAL AFFAIRS OFFICER, JOHN | ) | |
| /JANE DOE #'s 41-42 INTERNAL | ) | |

1

| | |
|---|---|
| AFFAIRS OFFICER, JOHN DOE #43 | ) |
| PERSONAL PROPERTY OFFICER, | ) |
| JASON HART, SANDY WALKER, | ) |
| ANGELA CRAIN, SIDDIQUI, | ) |
| HARRIS, LAWRENCE | ) |
| CORRECTIONAL CENTER, MENARD | ) |
| CORRECTIONAL CENTER, ILLINOIS | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| ADDITIONAL JOHN/JANE DOE | ) |
| CORRECTIONAL OFFICERS, STAFF, | ) |
| and MEDICAL STAFF, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff William Johnson, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Lawrence Correctional Center ("Lawrence") and Menard. In his Complaint (Doc. 1), Johnson alleges various constitutional violations by numerous known and unknown individuals at Lawrence and Menard. He asserts claims against Defendants under the First, Fifth, Eighth, and Fourteenth Amendments, as well as claims for negligence, false imprisonment, intentional infliction of emotional distress, intentional and malicious action, and malicious prosecution (*Id.* at p. 2). Johnson seeks declaratory judgment, monetary damages, and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen

prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Johnson's Complaint consists of 116 pages, of which 88 pages are his allegations against the numerous defendants. In fact, Johnson brings claims against at least 70 individuals and entities with possible additional defendants that he labels as unidentified correctional officers, staff, and medical staff. He has at least 45 identified but unnamed John Does. The potential defendants are so numerous that Johnson cannot label them all in the caption of his case, noting that there is a full list in the body of his Complaint (Doc. 1, p. 1). The events take place over two prisons. Johnson alleges that all of his claims stem from a Prison Rape Elimination Act ("PREA") complaint he wrote against Defendant Weaver and her "co-workers" that then caused various form of retaliation. (*Id*. at p. 18). His Complaint alleges there was an assault by a cellmate in 2018 and that a number of Defendants failed to prevent it (*Id*. at pp. 18-21).

The Complaint also includes additional claims both related and unrelated to the assault including: the improper medical care he received after the assault (*Id*. at pp. 22-26), issues with the resulting disciplinary charges (*Id*. at pp. 27-34, 43-50), various forms of retaliation at both Lawrence and Menard from 2018-2019 (*Id*. at pp. 34-37, 38-40, 48, 51), conditions of confinement claims at Menard (*Id*. at pp. 38-40), policy claims (*Id*. at pp. 40-42), and access to courts claims (*Id*. at p. 60-61).

## Discussion

Simply put, the Complaint violates Federal Rule of Civil Procedure 8. Rule 8(a) requires a complaint to set forth "a short and plain statement of [a plaintiff's claim(s)] showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d) requires "simple, concise, and direct" allegations. Fed. R. Civ. P. 8(d)(1). The purpose of these rules is to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citation omitted); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). There is nothing simple, concise, or direct about Johnson's Complaint. It is 116 pages in total and brings claims against a number of named and unknown individuals, including groups of individuals and correctional centers. They are so numerous that only a few are listed in the case caption, but all defendants must be specified in the case caption to be considered defendants. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (defendants must be "specif[ied] in the caption"). Further, Johnson attempts to bring claims against groups of unknown defendants. Although Johnson may certainly allege claims against identified John Does (i.e., John Doe #1, John Doe #2), he includes generic groups including correctional officers, staff, and medical staff. Those claims are too generic to survive threshold review because he does not describe them or even state the number of them.

Further, Johnson's claims against Lawrence and Menard do not state a claim. The prisons are a division of the Illinois Department of Corrections, which is a state government agency, and are not subject to suit under Section 1983. *Will v. Mich. Dep't of*

4

*State Police*, 491 U.S. 58, 66-71 (1989); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment).

Johnson's Complaint also violates the rules of joinder under Federal Rules of Civil Procedure 18 through 20. He includes numerous unrelated claims across two prisons. Although the Complaint focuses mainly on an assault and an allegedly false disciplinary ticket, there are various incidents of retaliation at both prisons and a conditions of confinement and access to courts claim at Menard. Many of the claims arise from distinct transactions or occurrences and share no common questions of fact. The claims cannot proceed together in one lawsuit. *See* Fed. R. Civ. P. 18, 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (A "litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot."). Although the Court could exercise its authority to sever the unrelated claims into several different lawsuits, that action may result in a surplus of filing fees and potential strikes under 28 U.S.C. § 1915(g). *See George*, 507 F.3d at 607; *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). Instead, the Court will allow Johnson an opportunity to amend his Complaint because he is in the best position to decide which claims he wants to pursue. But Johnson is reminded that he must focus on related claims against a single group of defendants.

Accordingly, the Complaint is **DISMISSED without prejudice**. Johnson will have an opportunity to file a First Amended Complaint if he wishes to pursue any of his claims in this action. If he chooses to do so, Johnson must comply with the instructions and

deadlines set forth in the below disposition. He is reminded that should he continue to pursue unrelated claims, those claims will be subject to severance into new cases subject to additional filing fees.

## Disposition

For the reasons stated above, Johnson's Complaint is **DISMISSED without prejudice**. He is **GRANTED** leave to file a "First Amended Complaint" on or before **March 30, 2022**. Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Johnson's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Johnson must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Johnson is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable,

regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Johnson is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  March 2, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**