IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-779-NJR |
| | ) |
| ROB JEFFREYS, JOHN BALDWIN, | ) |
| DAVID PFISTER, AMY BURKE, MR. | ) |
| RUE, MR. HOUGH, MARY WEAVER, | ) |
| MR. PIPER, MR. OCHS, DEE DEE | ) |
| BROOKHART, LT. BENJAMIN | ) |
| LEWIS, SHANAE MAYBERRY, MS. | ) |
| CUNNINGHAM, JANE DOE #1, JOHN | ) |
| DOE #'s 1-2, JOHN/JANE DOE #'s 3-4, | ) |
| JANE DOE #5, MS. HARRIS, | ) |
| JOHN/JANE DOE #6-7, and WEXFORD | ) |
| HEALTH SOURCES, INC., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff William Johnson, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Amended Complaint, Johnson alleges Defendants failed to protect him, failed to provide him with medical care, violated his due process rights, and retaliated against him. He alleges claims under the First, Eighth, and Fourteenth Amendments.

1

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

In his Amended Complaint (Doc. 14), Johnson makes the following allegations: Prior to the events in this lawsuit, Johnson filed a Prison Rape Elimination Act ("PREA") complaint, several grievances, and a state lawsuit against Weaver and other IDOC officials (*Id.* at p. 13). On November 1, 2018, while housed in Resident Hall #3, C-Wing Upper Deck, Cell #15, Johnson received a new cellmate, inmate Tademy (*Id.*). Tademy was much larger in size than Johnson and was ten years younger (*Id.* at pp. 13-14). Tademy informed Johnson he was classified for a single-man cell and he had been in four different cells in the prior two days because of incidents with other inmates (*Id.* at p. 14). On November 26 and 27, 2018, Johnson informed Correctional Officer Rue about Tademy's status and that he was displaying strange behavior and threatened assault (*Id.* at p. 15). Johnson asked to be separated from Tademy, but Rue refused. In addition to Rue, Johnson informed Brookhart, John/Jane Doe #'s 3-4 (placement officers), and other John/Jane Does about the risk Tademy posed (*Id.* at p. 16).

On November 28, 2018, Tademy physically assaulted Johnson (*Id*. at p. 17). During the assault, Johnson was able to push the emergency call button, and John Doe #1 arrived at his cell (*Id*.). He informed John Doe #1 that he had been physically assaulted and that Tademy attempted to rape him. He asked for medical care (*Id*.). Five minutes later, Hough and other John/Jane Does arrived and removed Johnson from the cell and took him to the healthcare unit (*Id.* at p. 18). Jane Doe #1 Medical Technician/Nurse informed Johnson that he suffered a broken nose, finger, and toe, a split lip, and cuts and bruises (*Id*. at p. 18). But she refused to provide him with any medical care for his injuries (*Id*.). She also denied him an AIDS test, despite acknowledging that he had been exposed to Tademy's blood and fluids (*Id*. at p. 18-19). He also asked to be taken to an outside hospital for the attempted rape, but Hough and Jane Doe #1 refused. She also failed to log his medical issues in his records (*Id*. at p. 19).

Hough next escorted Johnson to punitive segregation and issued an investigative ticket. On November 28, 2018, he also asked Ochs, Weaver, John Doe #8, Jane Doe #5 (a nurse working the 7:00 a.m. to 3:00 p.m. shift on November 28, 2018), and Harris for medical care and to be taken to an outside hospital but they refused (*Id*. at pp. 20-21).

On December 4, 2018, he was interviewed by Piper about the assault. He asked Piper for medical care and for care from an outside hospital but was refused.

On December 20, 2018, Johnson was issued a disciplinary ticket by Weaver for assault and fighting (*Id*. at p. 22). Johnson maintains another inmate's name was on the

3

form, a William D. Johnson, but that his inmate number was listed. Johnson maintains that the fighting and assault charges cancel each other out and he cannot be charged with both offenses (*Id*. at pp. 22-25). The report also noted that Tademy was taken to the hospital due to the severity of his injuries (*Id*. at p. 23). Johnson requested all investigative documents relevant to the charge and requested that adjustment committee members Lewis and Mayberry call witnesses at the hearing (*Id*. at p. 26). On December 23, 2018, Johnson went before the adjustment committee but his request for witnesses was refused (*Id*. at pp. 26-27). Johnson complained that the ticket was invalid due to the issue with his name. He asked them to recuse themselves as they were bias. They refused his requests. They also refused him witnesses, documents, or a counselor (*Id*. at pp. 29-30). Johnson also requested medical care, but they refused (*Id*. at p. 28). They informed Johnson they were going to find him guilty because Johnson filed grievances, PREA claims, and lawsuits against their co-workers (*Id*.).

Johnson was found guilty at the hearing and received 3-months segregation, a fine, 3-months loss of good conduct credit, 3-months c-grade, and a disciplinary transfer (*Id*. at p. 29). He alleges that Weaver, Ochs, John Doe #8, and various John Doe officers, investigators, and internal affairs staff falsified reports and documents in order to impose discipline out of retaliation for Johnson's complaints (*Id*. at p. 30). Johnson's PREA complaint from the incident was also denied by Brookhart (*Id*. at p. 31). Although his segregation term expired on February 28, 2019, he was not released from segregation

immediately due to retaliation. He was released three days later (*Id*. at p. 32). On March 5, 2019, he was placed back in segregation. He submitted grievances to David Pfister and Burke regarding his due process violations and spoke to David Pfister, but he and Burke denied his grievances (*Id*. at pp. 32-34). Rob Jeffreys also denied his grievance (*Id*. at p. 34).

On March 13, 2019, Johnson transferred to Menard Correctional Center where Jane Doe #10, during his intake interview, informed him that he would be placed on Elevated Security Risk ("ESR") because he filed too many grievances, lawsuits, and PREA claims (*Id*. at p. 33).

## Preliminary Dismissals

Although Cunningham, John Doe #2, and John/Jane Doe #'s 6-7 are listed in the caption of Johnson's Amended Complaint, he fails to include any claims against them in his statement of claim. He also identifies a number of generic "unidentified John/Jane Does" (Doc. 14, p. 16) throughout his Amended Complaint but never provides any specific information that would indicate an actual defendant. Those claims are too generic to survive threshold review as he does not describe them or even state the number of them. Nor does he indicate these "group defendants" include John Doe #2 and John/Jane Doe #'s 6-7. Thus, Cunningham, John Doe #2, John/Jane Doe #'s 6-7, and the generic "unidentified John/Jane Does" are **DISMISSED without prejudice**.

Johnson also identifies John Doe #8 and Jane Doe #10 in his statement of claim but fails to include them in the case caption. As these individuals are not identified as

Defendants, they are also **DISMISSED without prejudice**. All defendants must be specified in the case caption to be considered defendants. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (defendants must be "specif[ied] in the caption"). Further, Johnson's encounter with Jane Doe #10 occurred at Menard Correctional Center and appears not to have arisen out of the same transaction, occurrence, or series of transactions or occurrences which occurred at Lawrence Correctional Center. Thus, even if adequately pled, any claim against Jane Doe #10 would likely be severed into a new case. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Federal Rules of Civil Procedure 18 and 20.

To the extent that Johnson alleges that Brookhart failed to hold employees accountable and not conducting adequate investigations, Brookhart cannot be held liable on the basis of *respondeat superior*, or supervisory, liability because it is not recognized under Section 1983. *See,* e.g., *Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Thus, Johnson's proposed claim that Brookhart failed to hold staff accountable is **DISMISSED without prejudice**.

Johnson also alleges that Jeffreys, Pfister, Baldwin, and Brookhart turned a "blind eye and refus[ed] to take disciplinary or other action to curb the known pattern and practice of non-compliance with established IDOC rules, regulations, policies, and procedures" which led to a general "lawlessness" at the prison. He alleges this allowed other defendants and staff to believe they could act without impunity. But Johnson fails

to state a claim. Although he refers to policies and practices, he fails to point to a specific policy or practice at Lawrence that was created by these defendants. He speaks of a general "lawlessness" but fails to point to a specific policy or practice that the other defendants acted under. Further, to the extent Johnson alleges these individuals are liable because as administrative officials they turned a blind eye to the other Defendants' actions, he fails to allege that these officials were aware of the specific issues that Johnson faced. He refers to the *Rasho*, *Orange Crush*, and *Lippert* cases, but he does not allege that these individuals were aware of the specific conditions and medical care that Johnson did or did not receive. Thus, his claim for allowing general lawlessness to prevail is **DISMISSED without prejudice**.

Johnson also fails to state a claim against Wexford Heath Sources, Inc. Johnson alleges that Wexford failed to provide care of his injuries and failed to train its employees to properly treat his injuries and comply with PREA guidelines. In order to maintain a claim against Wexford, Johnson must establish that a policy, custom, or practice attributable to the corporation actually caused a violation of the plaintiff's constitutional rights. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782,786 (7th Cir. 2014) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). He does not point to a specific policy or practice of Wexford nor does he provide any further details about his failure to train allegations. Thus, his claim against Wexford is too vague, and it is **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated counts:

**Count 1:** Eighth Amendment claim against John Doe #1, John/Jane Doe #'s 3-4, Brookhart, Rue, and Hough for failing to protect Johnson from Tamedy.

**Count 2:** Eighth Amendment deliberate indifference claim against Jane Doe #1, Jane Doe #5, Hough, Ochs, Weaver, Piper, Lewis, Harris, and Mayberry for failing to provide him treatment, send him to an outside hospital, or conduct a PREA investigation after the assault.

**Count 3:** Fourteenth Amendment due process claim against Lewis, Mayberry, Jeffreys, Baldwin, Brookhart, Pfister, Burke, Ochs, and Weaver for failing to properly investigate, issuing an improper ticket, refusing to dismiss the ticket, and failing to provide Johnson with documents or witnesses at his disciplinary hearing.

**Count 4:** First Amendment claim against Lewis, Mayberry, Weaver, and Ochs falsifying reports and documents, and finding Johnson guilty in the disciplinary hearing in retaliation for Johnson filing grievances, complaints, and PREA claims.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be**

**considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

**Count 1**

As to Johnson's Count 1 failure to protect claim, Johnson states enough facts to state a claim against Rue, John/Jane Doe #'s 3-4, and Brookhart. He specifically alleges that he informed them before the assault of the threat that Tamedy posed to him. But as to John Doe #1 and Hough, Johnson alleges that he informed them during and after the assault and that they removed him from the cell. There are no allegations to suggest that they failed to protect him from the assault because the assault had already occurred. And they did act to remove Johnson from the cell. Thus, John Doe #1 and Hough are **DISMISSED without prejudice** from Count 1.

**Count 2**

At this stage, Johnson states a deliberate indifference claim against Jane Doe #1, Jane Doe #5, Hough, Ochs, Weaver, Harris, Piper, Lewis, and Mayberry for failing to provide him with treatment after the assault.

---

[1] This includes Johnson's state law claims for negligence, false imprisonment, intentional infliction of emotional distress, intentional and malicious action, and malicious prosecution. Johnson merely states these claims without stating facts that set forth the elements of those claims (*See* Doc. 14, p. 11). *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Count 3**

As to his due process claim, Johnson indicates that he was sentenced to three months of segregation and lost three months of good time credit. Although the good time credit does constitute the deprivation of a liberty interest, that claim would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* states that a prisoner cannot maintain a civil rights suit if a judgment in his favor would necessarily imply that his conviction was invalid. 512 U.S. at 487. A prison disciplinary finding is a conviction for purposes of *Heck* where a prisoner loses good time credit as a result of the proceedings. *Edwards v. Balisok*, 520 U.S. 641 (1997); *Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011). Thus, an inmate who challenges an essential finding of a disciplinary proceeding must see his case dismissed. *Id.*; *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003). Here, the attached records show that Johnson lost good time credits, thus triggering the application of *Heck* (Doc. 14, p. 57). His allegations that the disciplinary ticket was false and that Defendants did not take into consideration facts or witnesses go to the essential findings of the proceedings. Thus, the claim is barred by *Heck* unless Johnson first has his good time credit required. His Amended Complaint seeks to have the disciplinary report expunged, indicating that his discipline has not been overturned (*Id.* at pp. 42-43). Thus, Johnson's due process claim is **DISMISSED without prejudice**.

To the extent that Johnson alleges that Jeffreys, Baldwin, Brookhart, Pfister, and Burke denied his grievances and failed to remedy the issues with the disciplinary hearing, that claim is also **DISMISSED without prejudice**.

**Count 4**

Johnson's retaliation claim also challenges the essential findings of the proceedings in his disciplinary hearing. He alleges that Defendants Lewis and Mayberry told him they were finding him guilty because he filed too many grievances and lawsuits. He also alleges that Weaver and Ochs retaliated by falsifying documents related to the disciplinary hearing so that he would be found guilty. A finding in Johnson's favor on these claims would necessarily call into question the validity of his finding of guilt. Thus, his retaliation claim is also barred by *Heck*. Count 4 is **DISMISSED without prejudice**.

## Pending Motion

As to Johnson's motion for counsel (Doc. 15), he states that he has written several attorneys who have declined to take his case. He also indicates that he does not read or write well, has limited knowledge of the law, and that he has had the help of another inmate in drafting his Amended Complaint. But given the early stage of the litigation, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the

complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[2] Further, counsel is not needed at this time because Defendants have not yet been served nor has a scheduling order been entered. Thus, his motion for counsel (Doc. 15) is **DENIED**.

## Disposition

For the reasons stated above, Count 1 shall proceed against Rue, John/Jane Doe #'s 3-4, and Brookhart, but is **DISMISSED without prejudice** as to John Doe #1 and Hough. Count 2 shall proceed against Jane Doe #1, Jane Doe #5, Hough, Ochs, Weaver, Harris, Piper, Lewis, and Mayberry. Count 3 is **DISMISSED without prejudice** as to Lewis, Mayberry, Jeffreys, Baldwin, Brookhart, Pfister, Burke, Ochs, and Weaver. Count 4 is also **DISMISSED without prejudice** as to Lewis, Mayberry, Weaver, and Ochs. All other claims and Defendants, including Wexford, Cunningham, John Doe # 2, John/Jane Doe #'s 6-7, John Doe #8, Jane Doe #10, and all general, unnumbered "John Doe" designations are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants Rue, Brookhart, Hough, Ochs, Weaver, Harris, Piper, Lewis, and Mayberry: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

Memorandum and Order to the defendants' place of employment as identified by Johnson. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Johnson, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**. Once Defendants have filed Answers, the Court will enter a scheduling order setting forth the deadlines for identifying Jane Doe #1, Jane Doe #5, and John/Jane Doe #'s 3-4.

If judgment is rendered against Johnson, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs,

regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Johnson is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: July 7, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**