IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM JOHNSON,

           **Plaintiff,**

v.

           Case No. 21-cv-779-NJR

MR. RUE, *et al.*,

           **Defendants.**

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff William Johnson, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Although his Complaint and First Amended Complaint were large, multi-defendant, multi-claim filings, the Court eventually allowed Johnson to proceed on two counts: (1) a failure to protect claim against Defendants Rue, John/Jane Doe #'s 3-4, and Brookhart in relation to an assault by inmate Tademy on November 28, 2018, and (2) a deliberate indifference claim against Jane Doe #1, Jane Doe #5, Hough, Ochs, Weaver, Harris, Piper, Lewis, and Mayberry for failing to provide him with treatment, send him to an outside hospital, or conduct a Prison Rape Elimination Act ("PREA") investigation following the assault (Doc. 16, pp. 9-10). Claims related to the disciplinary ticket Johnson received, including due process and retaliation claims, were dismissed without prejudice (*Id*. at pp. 10-11).

This matter is now before the Court on Johnson's motion to amend (Doc. 51).

Johnson indicates that his proposed Second Amended Complaint seeks to identify Jane Doe #1 as A. Fiscus and John Doe #1 as C. Saatkamp. He also intends to substitute Benjamin Vaughn in place of Defendant Hough. He indicates that certain paragraphs in the proposed Second Amended Complaint have been modified to reflect those substitutions. Johnson also indicates that his amended pleading adds new factual allegations to support adding new defendants, although his motion fails to identify the new claims or parties. His proposed pleading, however, seeks to restate claims against a number of previously dismissed individuals. It also adds additional John Doe Defendants. The proposed pleading, without exhibits, is 97 pages.

Pursuant to Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleadings once as a matter of course…if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). The named defendants have filed Answers, thus Johnson must now seek to amend his complaint pursuant to Rule 15 (a)(2), which allows a party to "amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2) further states that amendments should be freely granted "when justice so requires."

The decision to grant a plaintiff leave to further amend a compliant under Rule 15(a)(2) is within the sound discretion of the Court. *Pugh v. Tribune Co.*, 521 F.3d 686, 698 (7th Cir. 2007); *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997). Leave to amend may be denied for several reasons, however, including: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party…[or the] futility of amendment." *Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004); *Guide v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004). Johnson's amended pleading is also subject to review pursuant to 28 U.S.C. § 1915A.

There are a number of issues with Johnson's proposed pleading. First, the pleading does not conform with SDIL Local Rule 15.1 which requires that the new allegations be underlined. The majority of the pleading is underlined making it difficult to determine what allegations are newly added. Nor does his motion adequately explain what he seeks to re-allege with his proposed pleading.

His proposed pleading also violates Federal Rule of Civil Procedure 8 which requires a complaint to set forth "a short and plain statement of [plaintiff's claim(s)] showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As previously stated, Johnson's proposed pleading is 97 pages of allegations, much of which is citation to the *Lippert* report and its findings. Many of those findings appear entirely unrelated to the two claims that Johnson was allowed to proceed on in this case. Although it appears Johnson is attempting to use the report to substantiate a class action, he fails to indicate how his claims would qualify for a class action. *See* Federal Rule of Civil Procedure 23(a). He merely regurgitates the standard without stating how the allegations in this case meet the standard. Johnson's claims relate to medical care that he did or did not receive after an assault, but the allegations in his amended pleadings suggest that he seeks to bring a class action for all deficiencies in medical and dental care provided by the Illinois

Department of Corrections. Such allegations do not meet the standard for a class action.

Johnson also complains about a March 2017 disciplinary report that he received and attempts to allege that any claim which arose after that date was an act of retaliation for the disciplinary report. The report appears to be entirely unrelated to his claims regarding the assault by inmate Tamedy, the only claims which he was allowed to proceed with in the First Amended Complaint. He further seeks to reallege due process claims that were previously dismissed as being barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), without offering any additional facts that would overcome the bar. The proposed pleading also cites the *Lippert* report and tries to tie additional defendants to his claims by stating that they had knowledge of the report and its findings. But the Court previously dismissed such claims because Johnson failed to allege that the individuals were aware of the specific conditions and care that Johnson experienced and/or received. He fails to offer any allegations that the proposed defendants were aware of his specific allegations, instead citing to the report's findings. Thus, he again fails to state a claim.

Accordingly, the Court **DENIES** Johnson's motion to amend (Doc. 51) to add additional claims, parties, and a proposed class action. To the extent that he seeks to identify Jane Doe #1 as A. Fiscus, however, the Court **GRANTS** his motion and **DIRECTS** the clerk to **SUBSTITUTE** A. Fiscus in place of Jane Doe #1 and **SERVE** her in accordance with the threshold order. The First Amended Complaint (Doc. 14) shall remain the operative pleading. To the extent Johnson seeks to identify John Doe #1, that individual was dismissed from the case (Doc. 16, p. 9). Further, as it relates to Defendant Hough and proposed Defendant Benjamin Vaughn, it is not clear whether Johnson

alleges that Hough should not be a defendant at all, or whether he merely seeks to add Benjamin Vaughn as an additional defendant. Thus, the Court **DENIES** his request to amend as to Hough and Vaughn.

To the extent that Defendants request additional time to file their dispositive motion on the issue of administrative exhaustion (Doc. 54), the requested extension is **GRANTED**. The summary judgment motion is now due **March 6, 2023**.

**IT IS SO ORDERED.**

**DATED:   January 5, 2023**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**