IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM JOHNSON,<br><br>        **Plaintiff,**<br><br>v.<br><br>ROB JEFFREYS, JOHN BALDWIN, DAVID PFISTER, AMY BURKE, BRADLEY RUE, SETH HOUGH, MARY WEAVER, CODY PIPER, SHAWN OCHS, DEE DEE BROOKHART, BENJAMIN LEWIS, SHANAE GILLENWATER, MS. CUNNINGHAM, ALLYSON FISCUS, JOHN DOES #s 1–2, JOHN/JANE DOES #s 3–4, NOREEN BAKER, KELLY HARRIS, JOHN/JANE DOES #s 6–7, and WEXFORD HEALTH SOURCES, INC.,<br><br>        **Defendants.** | Case No. 3:21-CV-779-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

      Plaintiff William Johnson is a prisoner in the Illinois Department of Corrections currently residing at Menard Correctional Center.[1] He filed this lawsuit in July 2021. (Doc. 1). After an initial dismissal under Rule 8 of the Federal Rules of Civil Procedure (Doc. 11), he was permitted to proceed on an amended complaint (Docs. 14, 16). The claims and defendants at issue were eventually narrowed to three claims under the

---

[1] *See Individual in Custody Search*, ILL. DEP'T OF CORR., https://idoc.illinois.gov/offender/inmatesearch.html (last visited Feb. 26, 2026).

Eighth Amendment against Defendants Bradley Rue, Mary Weaver, Cody Piper, Shawn Ochs, Dee Dee Brookhart, Kelly Harris, Allyson Fiscus, and Noreen Baker. (Docs. 16, 113–14). On September 26, 2025, the Court entered summary judgment for the remaining Defendants and dismissed the action. (Docs. 149–50).

Now pending before the Court are Defendants' bills of costs and Johnson's objections. Defendants Brookhart, Ochs, Piper, Rue, and Weaver (collectively, the "non-medical Defendants") filed a timely bill of costs. (Doc. 153). Defendants Baker, Fiscus, and Harris (collectively, the "medical Defendants") also filed a bill of costs, though theirs was untimely.[2] (Doc. 155). The non-medical Defendants seek $1,979.00 for costs associated with each of their depositions, as well as Johnson's deposition. (Doc. 153). The medical Defendants seek $990.00 for costs associated with the same depositions, less Johnson's. (Doc. 155). Johnson filed a timely objection to Defendants' bills. (Doc. 158; *see* Docs. 154, 157 (establishing deadlines)). He then filed a separate affidavit, also within the time limit. (Doc. 159). After the expiration of the objection deadline, he filed for leave to supplement his objection. (Doc. 160). Defendants responded to neither Johnson's objection nor his motion to supplement.[3]

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than

---

[2] This Court entered judgment on September 26, 2025. (Doc. 150). Defendants were required to file their bills of costs no later than 30 days thereafter. SDIL-LR 54.2(c) ("Unless separately authorized by federal statute, a request for costs must be filed no later than 30 days after the entry of judgment. Untimely requests shall be stricken by the Court). Thirty days after entry of judgment was October 26, 2025, a Sunday. Thus, Defendants had until the end of Monday, October 27, 2025, to file their bills. FED. R. CIV. P. 6(a)(1). The medical Defendants filed their bill on October 28, 2025. (Doc. 155).

[3] In light of Defendants' apparent lack of objection, the Court **GRANTS** Johnson's motion (Doc. 160) and considers the supplement as having been filed *instanter*.

attorney's fees—should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

The denial of costs may be warranted if the losing party is indigent and has no ability to pay. *Id.*; *see also Mother and Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). To deny a bill of costs on the grounds of indigence, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'" *Id.* at 635 (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). "The burden is on the losing party to provide the district court with sufficient documentation to support such a finding." *Id.* (internal quotations omitted). Next, the district court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.* The indigence exception to the cost-shifting presumption is narrow, and the non-prevailing party bears the burden to overcome the presumption. *Id.* at 636.

First, the Court sustains Johnson's objection to the medical Defendants' bill of costs on timeliness grounds.[4] (Doc. 158, at 3, 5). The local rules require that requests for costs be filed "no later than 30 days after the entry of judgment." SDIL-LR 54.2(c). The rules

---

[4] As explained below, however, the Court finds that Johnson is indigent and incapable of paying the court-imposed costs at this time or in the future, and that the amount of costs and his good faith justify a denial of costs. Accordingly, the medical Defendants' costs would have been denied even if their bill had been timely filed.

also state, in mandatory language, that late-filed requests "shall be stricken by the Court." *Id.* Accordingly, the medical Defendants will not be awarded their requested costs. *See Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219 (1988) (reversing district court award of costs where district court's local rule set a definite 30-day time limit for taxing and assessing costs); *see also McMillen v. Obaisi*, No. 17-cv-00999, 2024 WL 5493733, at *1–2 (N.D. Ill. Mar. 14, 2024) (denying a bill of costs for untimeliness under a similar local rule).

Second, in his objection, affidavit, and supplement, Johnson notes that he is indigent. (Docs. 158–60). The Court recognized Johnson as indigent and granted *pauper* status when this action commenced (Doc. 5). Johnson has been continuously incarcerated throughout this litigation; in his 2024 deposition, he stated that he then owed $9,333.28 in restitution and only made $15 per month. (Doc. 144-1, at 18; Doc. 158, at 25). In his supplement, Johnson averred that he has no source of income and that his total enumerated debts are $23,778.28. (Doc. 160-1, at 3–4). Additionally, Johnson is not scheduled for possible parole until 2038 with an estimated discharge date of February 28, 2041. *See id.* at 3; *Individual in Custody Search*, ILL. DEP'T OF CORR., https://idoc.illinois.gov /offender /inmatesearch.html (last visited Feb. 26, 2026). Johnson declares he has no assets and only $193.10 in his inmate trust fund account (Docs. 159, 160).

Accordingly, the Court finds Johnson incapable of paying Defendants' costs at this time. And, given his projected discharge date of February 28, 2041, the Court finds Johnson incapable of paying the costs at any time in the near future. As Johnson points out, he will be in his seventies when he is released (Doc. 160-1, at 3), and the reality is that

his income-generating capabilities are unlikely to materially improve immediately upon his release. *See Mathis v. Carter*, No. 13 C 8024, 2017 WL 2243040, at *1 (N.D. Ill. May 23, 2017). Moreover, the non-medical Defendants seek a total of $1,979.00 in costs. That sum, while not monumental, is quite substantial to a prisoner proceeding *in forma pauperis*. Johnson filed this case in good faith, and, while the Court dismissed the case on summary judgment, his claims were not frivolous.

For these reasons, the Court finds that the bill of costs filed by Defendants Bradley Rue, Mary Weaver, Cody Piper, Shawn Ochs, and Dee Dee Brookhart should be denied on the grounds of indigence. It further finds that the bill of costs filed by Defendants Kelly Harris, Allyson Fiscus, and Noreen Baker should be denied for untimeliness, or in the alternative, on the grounds of indigence.

Plaintiff William Johnson's objection (Doc. 158) is **SUSTAINED**. Defendants' bills of costs (Docs. 153, 155) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:   February 27, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**